IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES CLAYTON,<br><br>  Plaintiff,<br><br>v.<br><br>SALEM CARRIERS, INC<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW, Plaintiff James Clayton, by and through undersigned counsel, and files this Complaint for Damages against Defendant Salem Carriers, Inc ("Defendant"), and states as follows:

**NATURE AND PURPOSE**

1.

This lawsuit is brought under the whistleblower provisions of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105, as amended by the Implementing Recommendations of the 9/11 Commission Act of 2007, Pub. L. No. 110-53.

1

## JURISIDCTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

3.

Defendant does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PROCEDURAL REQUIREMENTS

4.

Plaintiff filed a complaint of violation of the Surface Transportation Assistance Act with the Occupation Safety and Health Administration ("OSHA") on April 30, 2021.

5.

More than 210 days have passed, and the Secretary of Labor has not issued a final decision. Plaintiff has not caused any delay in a final decision being issued. Therefore, Plaintiff may bring an original action at law for *de novo* review pursuant to 49 U.S.C. § 31105(c).

## PARTIES

6.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

7.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

**FACTUAL ALLEGATIONS**

9.

Mr. Clayton began working for Defendant on July 1, 2020, as a truck driver.

10.

Plaintiff is an employee within the meaning of 49 U.S.C. § 31105(j) and 49 U.S.C. § 31101(2).

11.

On April 27, 2021, Mr. Clayton woke up at 2:00 a.m. for work and delivered a load and returned around 8:15 a.m.

12.

Upon returning to work, Mr. Clayton had driven about 170 miles and had little sleep.

13.

Mr. Clayton requested a small trip following this load because he was extremely fatigued. He made this request directly to Mr. Howard Watts.

14.

In response, Mr. Watts informed him that he wanted him to drive 200 miles round trip to Peachtree City and LaGrange, Georgia from Lithonia, Georgia.

15.

Mr. Clayton again informed Mr. Watts that he was tired and that he could not take a load like that for safety reasons, including harm to public, his own life, and property.

16.

Mr. Watts insisted that Mr. Clayton drive the load.

17.

Mr. Clayton refused again, citing his fatigue and safety concerns.

18.

Mr. Watts threatened to write Mr. Clayton up if he refused to take the load.

19.

Mr. Clayton told Mr. Watts that if he felt he needed to write him up, then he should write him up but that he could not drive the truck when he was fatigued and that it was unsafe.

20.

On April 28, 2021, Mr. Watts terminated Mr. Clayton.

21.

Mr. Clayton's employment was terminated in retaliation for his protected activity under the STAA.

**CLAIMS FOR RELIEF**

**COUNT ONE: RETALIATION IN VIOLATION OF
THE SURFACE TRANSPORTATION ASSISTANCE ACT,
49 U.S.C. § 31105 (a)(1)(B)**

22.

Plaintiff re-alleges paragraph 9-21 as if set forth fully herein.

23.

Plaintiff is an employee within the meaning of 49 U.S.C. § 31105(j) and 49 U.S.C. § 31101(2).

24.

Defendant is a "person" within the meaning of 49 U.S.C. § 31105 and 1 U.S.C. § 1.

25.

Under the STAA, 49 U.S.C. § 31105(a)(1)(B), Defendant may not discharge an employee for refusing to operate a vehicle because the operation violates a regulation, standard or order of the United States related to commercial motor vehicle safety, health, or security.

26.

Plaintiff engaged in protected activity under the STAA when he told Mr. Watts that he could not drive the requested load because doing so would be in violation of federal safety regulations, including 49 CFR § 392.3.

27.

Driving the vehicle to Peachtree City and LaGrange, Georgia would have constituted an actual violation of the law. Plaintiff would have violated highway safety laws, including 49 CFR § 392.3.

28.

Plaintiff was subjected to adverse employment action when Defendant terminated Plaintiff's employment.

29.

There is a direct causal relationship between Plaintiff's refusal to drive because doing so would violate safety regulations and Plaintiff being reported and

terminated by Defendant. Plaintiff was reported as soon as he declined to drive, and Plaintiff was terminated one day after he declined to drive.

30.

Plaintiff's refusal to drive because it would violate safety regulations was a contributing factor to Defendant's decision to report him and then terminate his employment.

31.

Any reason given by Defendant for reporting Plaintiff and terminating Plaintiff's employment is pretext for retaliation in violation of the STAA, 49 U.S.C. § 31105(a)(1)(B).

32.

Pursuant to 49 U.S.C. § 31105, Plaintiff is entitled to recover compensatory damages, including backpay with interest and compensation for any special damage sustained as a result of Defendant's illegal actions, litigation costs, expert witness fees, reasonable attorney fees, and punitive damages in an amount not to exceed $250,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the court for judgment and relief as follows:

a) That judgment be entered against Defendant on all claims;

b) That compensatory damages, including backpay with interest and compensation for any special damage sustained as a result of Defendant's illegal actions be awarded pursuant to the STAA;

c) That punitive damages be awarded pursuant to the STAA;

d) That reasonable attorney's fees and expenses of litigation be awarded pursuant to the STAA;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

h) Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

i) All other relief to which he may be entitled.

Respectfully submitted this 25th day of March, 2022.

**BARRETT & FARAHANY**

*s/ Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

*Attorney for James Clayton*

PO BOX 530092
Atlanta, GA 30353-0092
(404) 214-0120
grace@justiceatwork.com